JAR/BAR: USAO2022R00782

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| v. | * **CRIMINAL NO. LKG-23-114** |
| **AMERE LAYMAR HOLMES,** | * (Possession with Intent to Distribute a Controlled Substance, 21 U.S.C. § 841(a)(1); Conspiracy to Possess Firearms in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(o); Forfeiture, 18 U.S.C. § 924(d), 21 U.S.C. § 853, 28 U.S.C. § 2461(c)) |
| **Defendant** | |

\*\*\*\*\*\*\*

## SUPERSEDING INFORMATION

### COUNT ONE
(Possession with Intent to Distribute a Controlled Substance)

The United States Attorney for the District of Maryland charges that:

On or about July 26, 2022, in the District of Maryland, the defendant,

**AMERE LAYMAR HOLMES,**

knowingly possessed with the intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance.

21 U.S.C. § 841(a)(1), (b)(1)(C)

## COUNT TWO
### (Conspiracy to Possess Firearms in Furtherance of a Drug Trafficking Crime)

The United States Attorney for the District of Maryland further charges that:

1. On or about July 26, 2022, in the District of Maryland and elsewhere, the defendant,

**AMERE LAYMAR HOLMES,**

did knowingly and voluntarily conspire with others, known and unknown to the United States Attorney, to knowingly possess firearms – that is, a Glock 26 9mm pistol and a Glock 19 9mm pistol – in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841, as charged in Count One of this Superseding Information and incorporated here.

### Manner and Means

2. It was part of the conspiracy that:

   a. The defendant and his co-conspirators would distribute and conspire to distribute quantities of controlled substances, including, but not limited to, N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance.

   b. The defendant and his co-conspirators would use rental vehicles to transport themselves and their controlled substances.

   c. The defendant and his co-conspirators would obtain and carry firearms to protect themselves, their drugs, and the proceeds from their drug trafficking.

   d. The defendant and his co-conspirators would enrich themselves, and attempt to enrich themselves, from the proceeds of drug trafficking.

## OVERT ACTS

3. In furtherance of the conspiracy, and to affect the illegal objects thereof, the defendant and his co-conspirators performed, participated in, and did the following acts, among others, in the District of Maryland and elsewhere:

 a. On or about July 26, 2022, the defendant possessed with the intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance.

 b. On or about July 26, 2022, the defendant and a co-conspirator used a rental vehicle to transport themselves and the defendant's controlled substances.

 c. On or about July 26, 2022, the defendant and a co-conspirator possessed two firearms for the purposes of protecting, among other things, themselves, the defendant's drugs, and the proceeds of their drug trafficking.

18 U.S.C. § 924(o)

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under Counts One and Two of this Superseding Information.

### Narcotics Forfeiture

2. Upon conviction of the offense set forth in Count One of this Superseding Information, the defendant,

**AMERE LAYMAR HOLMES,**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a): (a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense; and (b) any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

### Firearms and Ammunition Forfeiture

3. Upon conviction of the offense set forth in Count Two of this Superseding Information, the defendant,

**AMERE LAYMAR HOLMES,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the offense.

### Property Subject to Forfeiture

4. The property to be forfeited includes, but is not limited to:

    a. a Glock 26 9mm pistol, bearing serial no. BBZP336;

    b. a Glock 19 9mm pistol, bearing serial no. PST371;

    c. approximately 75 rounds of 9mm ammunition;

    d. a gold chain necklace, with a custom letter pendant, encrusted with white gemstones, spelling "RACKZ;"

    e. a Rolex Datejust gold and silver watch encrusted with white gemstones; and

    f. approximately $570 in U.S. currency

all seized during a traffic stop of a vehicle associated with the Defendant in Temple Hills, Maryland on or about July 26, 2022.

### Substitute Assets

5. If, as a result of any act or omission of the defendant, any such property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property.

18 U.S.C. § 924(d)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

Date: 05/01/2024

Erek L. Barron /BAR
Erek L. Barron
United States Attorney